Dewey, J.
It is unnecessary particularly to consider the objections taken to the first count of the information, arising from the supposed incongruity in instituting proceedings of this character against a corporation, and at the same time declaring that there is no such corporation, and that they have usurped all the power they are exercising.
It was contended, upon this point, in behalf of the defendants, that when the real gravamen of the complaint is, that the powers of a corporation have been illegally assumed, the proceedings should be against the individuals who have thus without right attempted to exercise corporate powers, and adjudged cases to this point were cited by the counsel for the defendants. On the other hand, the cases of People v. Kingston Turnpike, 23 Wend. 193, and People v. Niagara Bank, 6 Cow. 196, furnish precedents for the first count in this information. The object of this form of a general allegation of usurpation of power is, to call forth in the answer the recital of the charter, or act of incorporation; and that being set forth, the public prosecutor then replies, assigning causes of forfeiture, or any facts showing that the right to exercise the powers assumed never attached, through some default or other cause.
But however this may be, the second count is not liable to the same objection, and the demurrer being taken to the whole information, if the second count alleges matter enough to sustain an information, judgment must be rendered for the commonwealth. If the object of the information is, to effect a dissolution of a corporation which has had a legal existence, then certainly it may be properly filed against the corporation. King v. City of London, cited in 2 T. R. 522; People v. Saratoga & Rensselaer Railroad, 15 Wend. 113, 128.
The further inquiry is, whether the second count contains such allegations of non-feasance or misfeasance on the part of the corporation, as will work a forfeiture of their charter. These allegations are very direct in their nature, charging failure or neglect in various duties enjoined by their charter, and of such a character as must operate as a forfeiture of their franchise.
*511 The only question, which has given rise to any doubt, 01 required any serious consideration, relates to the sufficiency of the parties to this information, as defendants. The information sets forth, among other things, that one Kendall Baird, at the term of the court of common pleas holden in February 1841, recovered a judgment against the defendant corporation for $459.98 damages and costs, upon which judgment an execution issued, which was levied upon the franchise of the corporation ; and that the same, so far as relates to the receiving of tolls, was sold at public auction to Bail'd for the term of ninety-nine years ; whereby the right of the corporation to take tolls vested in Baird for that period. Baird is not made a party to this suit. It is obvious, that he may be deeply affected by the result of the same, and if the proceeding was the ordinary one of a suit between private parties in chancery, it would be the duty of the court to arrest the further progress of the case, for want of proper parties.
We are then to consider the nature of the present suit, and to decide whether in this proceeding, by information against a corporation created by a legislative act, the commonwealth are to take notice of other parties than the corporation thus created by the statute or act of incorporation.
The existence of the corporation was through a legislative act, vesting in certain individuals and their associates certain corporate powers, and an authority to lay out, construct and maintain a turnpike-road, with the privilege of taking tolls from travellers thereon. The corporation thus created still formally exists, and it is this corporation whose charter the information seeks to annul.
The corporation is of course liable to this process, for any cause of non-feasance or misfeasance, in violation of their charter and the duties arising under it. The commonwealth knows no adverse party but the corporation. The fact, that a creditor of the corporation has levied upon the franchise, and acquired the right to the tolls for ninety-nine years, does not introduce a new party upon the question of forfeiture of the charter. The franchise, with all the rights and privileges thereof, “ so far as relates to the receiving of toll ” is all that *512 passes by the sale on execution. Rev. Sts. c. 44, §§ 12, 15, 16.
By the sixteenth section, it is provided, that with the exception of the right to tolls, and to maintain actions for penalties for injury to the road, or violation of their rights, the corporation shall retain the same powers in all other respects, and be bound to the same duties, as before such sale. This provision seems clearly to indicate the corporation, as the party to be proceeded against for a forfeiture of the charter. It is not enough, that a private individual has a pecuniary interest, to be affected by the judgment of forfeiture. Such would be the case of any stockholder of a banking or insurance corporation. The rights vested in Baird are somewhat more extensive than in the cases referred to ; but it is only the right to take tolls, and to recover the penalties incurred by acts affecting the road or tolls. The corporation, as such, continues liable in all respects to a judgment of forfeiture as before ; and those holding pecuniary interests to be affected thereby must, like stockholders in other corporations, without being made parties to the suit, exercise all needful vigilance in protecting the corporation from being declared to have forfeited their charter.

Judgment for the Commonwealth on the demurrer